Arguments not to exceed 15 minutes preside. Mr. Rader for the appellant. Good morning, your honors. May it please the court if I may reserve three minutes for rebuttal? Good morning. I'm pleased to be here today. My name is Danny Rader. I'm from Cookville, Tennessee, and I represent a gentleman named Danny Swafford. Danny Swafford is a sole proprietor in Middle Tennessee, and he runs a—or he's just on the eastern side of Middle Tennessee. He runs a business that's a logging company. This is an appeal from the summary judgment. It was granted, obviously, in a declaratory judgment action. I know you all know the facts and have read all the materials. The only fact that I want to point out is that everyone agrees. Mr. Swafford agreed and testified in this affidavit. The injured employee, Danny—Albert Wayne Capshaw—agreed and testified. The circuit judge in Warren County has recently ruled that Mr. Capshaw was an employee, and the defendant in this case, this DEC action, Forestry Mutual, on the statement of undisputed facts, admitted for the purpose of the summary judgment that Albert Wayne Capshaw was an employee. So everybody says that this man was an employee and he was injured as an employee. Except the complaint. Right. Except the complaint. And so that's obviously why we're here today. The allegation in the complaint is a legal conclusion. It's not a factual allegation. It is just an assertion. I read—I did read everything, and you're spot on. But what we're wrestling—are going to have to wrestle with is the law of Tennessee is that— and certainly Judge Batchelder, in her dissent, spoke to this issue, and it might be very unfair. The fact of the matter is, Tennessee law says, you look at the four corners of the complaint, that the plaintiff filed in the state court, and the complaint in this case that was filed said, unambiguously, that Mr.—I forget his name, the injured man. Capshaw. Yeah, Mr. Capshaw was an independent contractor, and if he's an independent contractor, we look at the four corners of the complaint, and the insurance company doesn't have to defend. That's a matter of Tennessee state law that we're obligated to respect. Judge, I'd say three things to that point. Okay. Number one, that is not a factual allegation in the complaint. Therefore, it is not entitled to deference. The courts have repeatedly held in Tennessee and in the Sixth Circuit that legal conclusions in a complaint— legal conclusions masquerading as facts do not get the deference of actual facts. So while you may be constrained to look at the factual allegations in the complaint, you're not constrained to look at the legal conclusions in the complaint. Number two, I would submit to the court that Tennessee law is not quite so rigid as Forster Mutual would have the court believe with respect to those four corners, and I know you all have read this Dempster Brothers case that I've cited. I submit to the court that that is very good law in Tennessee, that it—since 1964, it's a reported case. It has been cited repeatedly by other Tennessee court of appeals cases, by the Tennessee Supreme Court. It was even cited by the Tennessee Supreme Court with approval and quoted in Torpoco, that case that they're relying on that supposedly says solely based on the allegations of the complaint. No case has ever overruled Dempster Brothers, and under the Tennessee Supreme Court Rule 4, until that case is overruled or modified, it's good law. And what it says is that they cannot believe that the Tennessee Supreme Court would really hold that you look solely at the allegations in the complaint. In the context where the insured is asking the court to look at the true facts. And they said it so well, I can't say it any better, so I'm not going to try. To apply the same rule to the insured, which seemed to violate the principle that in construing and applying insurance policies, the object and intent of the parties must be kept in mind. The purpose of the insured under the policy was to obtain the protection against the expense of defending suits. To make this benefit conclusively and in all cases dependent on the allegations of the complaint over which the insured can exercise no control would leave the protection offered by the policy to happenstance. And in many cases amount to nothing short of a windfall for the insured. I have a question. Yes, ma'am. The posture of this is that the district court granted summary judgment. Right. Which means that presumably, quite apart from the complaint, the parties had an opportunity to submit evidence, factual evidence, from which it could be inferred either that Mr. Capshaw is an employee or that Mr. Capshaw is an independent contractor. Was that, in fact, done? Well, the summary judgment was filed immediately after the complaint was filed, and so there wasn't much opportunity. There was no discovery permit. Why, did you file a . . . An affidavit, yes, ma'am, that said that the gentleman was an employee. We filed deposition . . . No, no, no. Did you ask for additional time to do discovery? I mean, not that discovery would really have helped you much because he was within your control. So you filed an affidavit, though, that said . . . That said that he was an employee, and we filed excerpts from his deposition in the work comp case, in the underlying case where he talked about being an employee. But you didn't submit anything other than his own characterizations of what he was. Well, we submitted the facts of what he was and who had control. Well, but, you know, there's a whole test from which you determine whether somebody is an employee or an independent contractor, and you make a factual record, and then a court could infer which it is. But here, there's no . . . I mean, they're just people tossing around labels, right? Yes, ma'am. But we did file Albert Capshaw's deposition testimony in which we asked him about each of those factors in that test as to whether somebody is a contractor or an employee. And all of those questions that are in the record here establish that he is an employee, and that's what the Sixth Circuit . . . Oh, excuse me, the Sixth Circuit. Here's where I am. The circuit court for Warren County, the state court in the underlying action, and I filed that as supplemental authority and as a motion for judicial notice. But the legal authority, they held that the complaint was broad enough to include a workers' compensation. The judge said specifically, he says, quote, the complaint being liberally construed sounds in workers' compensation. So looking at this underlying complaint, even if you just take the four corners, even if you adopt their argument, their legal argument, lock, stock and barrel, this complaint is a workers' compensation complaint or at least potentially one sufficient to trigger the duty to defend. So even if you accept their legal argument completely, even if you look at this independent contractor phrase, that's not dispositive. That is just one factor. And the court held that if you look at the entire complaint and you construe it liberally as Tennessee law requires, and Judge Murphy, Tennessee is a pure notice pleading state. There's nothing about this phrase in one paragraph of the complaint that binds all of the other paragraphs of the complaint. There's nothing about this term independent contractor that constrains the entire lawsuit. The filings that accompanied the response to the motion for summary judgment included information with respect to how the compensation, how he was compensated? Yes, I believe he was paid by the hour, and I believe that's in the record. There's an affidavit from Danny Swoffer who goes through all of this, and then there's deposition testimony from the injured worker Albert Capshaw who also goes through all of those factors. I had the distinct sense that the complaint filed in the Tennessee state court, and we may want to, anyway, sounded in tort and did not allege workers' compensation claims. And I think that, as I recall, was a major part of the issue as well. Not only did Capshaw allege that he was an independent contractor, he didn't allege or seek workers' compensation in the state of Tennessee. And so not only do you have an unambiguous, as you characterize it, legal statement that he was an independent contractor, you also have allegations that sound purely in tort that would take this outside of the policies dictates to defend, to have the insurance company defend. Well, there's no doubt, Judge Murphy, that the gentleman was trying to make allegations in order to get a higher recovery than the Tennessee workers' compensation capsule. That is obviously his purpose. Once it's established that he was an employee by virtue of the administrative proceedings that took place, that's the exclusive remedy in Tennessee. I take it that's true in Ohio. It's an exclusive remedy, so you can't have it both ways. That's exactly right, Judge. And if you're shown to be an employee. So my question is, this is a worker who let the time lapse for filing for his workers' compensation, I take it. Well, I don't know that that's part of it. Whatever, but he's not the beneficiary of a workers' comp payout. Yet. Okay, but I thought it lapsed. Maybe that's not under there. The circuit court just recently held about three weeks ago that the complaint did sound in workers' compensation. I filed a supplemental authority with this court. It did sound in workers' compensation and dismissed it without prejudice so that he could go back through what we call the benefit review process. That's the underlying. I mean, okay. And they didn't hold that his statute of limitations had run, and the gentleman is still pursuing the claim. Can I ask a question? Absolutely. This deposition you referred to, you quoted in your brief at the bottom of page five and all of page six, the deposition testimony of Mr. Capshaw about being an employee. Is there any other portion of the deposition that is pertinent?  Danny Swofford's affidavit, which is in the record. Does it say anything other than saying he was an employee? Not really. Well, okay. So this deposition does have some questions, but they all go to whether the work was directed by Swofford, okay? Yes, ma'am. That doesn't get us very far, does it? I mean, whether you hire an employee or an independent contractor, you tell them what to do, what job you need done, and I don't know that this gets you very far. The Tennessee case law says that the main factor, there are several factors, how you're paid by the hour versus paid by the job, things like that, but the main factor is right of control. If the person tells them where to go, what to do, when to be there, whether or not they can come to work that day, right of control is under the Tennessee case law the main factor. And in any event, the circuit court for Warren County did hold that he was an employee based on this exact record, based on this exact complaint, based on this exact deposition testimony. So what? Well, the court's question is whether he's an employee or not. He is an employee, and the circuit court for Warren County, I think, is persuasive legal authority for this court to consider. Well, I gather, maybe I'm wrong, I'm not a Tennessean, but I gather that the state courts of Tennessee don't want us to be having these types of factual disputes in appellate courtrooms because I don't know what's going on with my memory. Jensen Swenson of the 1964 case said, you look at the unambiguous allegations in the complaint, and yeah, independent contractor versus employee is a legal determination, but the factual conclusions that the state courts on review make are determined by the unambiguous allegations in the complaint. Here it says the guy was an independent contractor. We shouldn't be getting into all this, right? I would submit, Your Honor, that the Dempster Brothers case says that you do not look exclusively at the allegations of the complaint. That is what a St. Paul Fire and Marine Insurance v. Torpoco case supposedly says. I would submit to the court that that is a quote, and in that case it's a quote from a main case. It isn't even the holding of that case. It's in the section on the duty to identify. It's not in the section on the duty to defend. The Dempster Brothers case says that you can go behind and look at the actual facts. I submit to the court that's exactly what the Dempster Brothers case says, and it doesn't constrain the court to the four corners. Did you reserve some time for rebuttal? Yes, ma'am, I sure did. How much do you have? Three minutes. Thank you. All right. Mr. Witt. May it please the court. Good morning, Your Honors. My name is Paul Witt. I represent Forrester Mutual Insurance Company in this matter. I'm going to refer to Mr. Swofford as the plaintiff because that's how I know him, but the plaintiff's claims here have constantly changed. Claims with respect to legal theories and claims with respect to facts have constantly changed from the time that he filed his complaint, the time that he filed his response to our summary judgment motion, to the time that he filed his brief in this matter, and also to the reply brief he filed in this matter, and also recently in the flurry of filings that we saw this week or last week leading up to this whole argument. The claims bounce back and forth on whether or not the issue is the independent contractor issue or whether or not there's a workers' comp claim, but the one thing that doesn't change, the one thing I think Judge Murphy has hit on, is that the underlying complaint never seeks workers' compensation benefits. Whether or not it sounds in comp, we know that Mr. Capshaw did not want comp benefits. He specifically tried to avoid getting comp benefits, and that's very important because this is a workers' compensation policy that covers benefits payable by the Tennessee workers' compensation law. The complaint does not seek workers' compensation benefits. I think as it's been discussed here this morning, it seeks unliquidated negligence tort damages. I take it if he filed for workers' compensation, you would have defended that suit, right? I think that's the case, Your Honor, because this claim, when you read it, I do insurance coverage work. When you read it, it sounds as a commercial general liability policy claim, and I think we've stated that in our brief. There's not been any refutation of this point, and I think this case is actually being defended by Mr. Swofford through his CGL policy because it's a non-employee seeking negligence damages. That's a CGL claim. So it's really a dispute between a CGL coverage carrier who's not happy with the fact that someone made a claim under their policy that maybe the underlying plaintiff's attorney should have made that would have triggered another policy. But this claim, Mr. Capshaw's claim, does not seek comp benefits. And the plaintiff admits this numerous times in their briefs. I'll note for page 13, page 23, page 26, page 33, page 42, in their reply brief on pages 1 and 8. And even in the summary judgment memo of law that they filed with the state court, they forcefully argue this plaintiff is trying to avoid workers' compensation benefits. He's making a negligence claim. But now they want to say, oh, he's making a comp claim. This order, it's at the last minute. The order says that it sounds in workers' comp. But read the sentences before that. It says after a factual finding, the court finds that he was actually an employee, not an independent contractor. The reason they're doing that is because there's a specific allegation in the complaint that says, hey, I'm an independent contractor. Well, it took the plaintiff 24 pages in his memorandum of law, 12 pages of deposition excerpts to prove that the face of the complaint alleged a comp claim. If the face of the complaint alleged a comp claim, they could have submitted that complaint and pointed out specifically where in the complaint it alleges a comp claim. We submit that anybody who looks at this complaint, when Mr. Capshaw says I was an independent contractor, I was using my own safety equipment, I was actually working alongside an employee of Mr. Swofford. He says it in the next paragraph. I was working as an independent contractor alongside an employee of Mr. Swofford. He knows what he's doing. He knows he's making a claim as an independent contractor. He knows that he is not seeking comp benefits. So we submit that without damages sought in the underlying complaint that are covered by the policy, really irrespective of the facts, if the underlying plaintiff is not seeking damages covered by the policy, the duty to defend is not triggered. That's what the insurance company is promising to defend and pay, are claims seeking damages covered under the policy. That's not what Mr. Capshaw's complaint is. It's a commercial general liability claim. And we submit that Judge Collier correctly dealt with this issue. Again, Mr. Capshaw's complaint could not have been more direct in stating his status as an independent contractor. Judge Collier applied the correct legal standard, and I think it's been discussed already here today that the duty to defend is determined from the four corners of the complaint, not subsequent factual findings from the underlying state court, but determined from the face of the complaint. That's been the case in Tennessee for... The Dempster case, this is subject to abuse. One could avoid, could foreclose coverage with even a false allegation. In this instance, it's a matter of what the insurance company and the policyholder agree in a contract that the insurance company will cover and pay. We will pay a claim covered by this policy, a claim seeking damages under this policy. And Dempster, while it's been cited by Tennessee courts, it has been cited several times. It's actually cited by Judge Collier in this case. It's cited for the proposition that we note in our brief, which is in the case that's not applicable here, about incomplete or ambiguous allegations. He does not cite it for the proposition that the plaintiffs cite it for. It has never been cited in Tennessee for the proposition asserted by the plaintiffs. And we've put that forth in our brief. Just a few years before the publication of Dempster, the first national bank in Bristol, Tennessee Supreme Court, nearly the exact situation, it's a reported decision from the Tennessee Supreme Court where the insured disputed the underlying plaintiff's claim that the plaintiff was an employee. And that was important in that case because if he wasn't an employee, then there would be coverage. And the court says, no, we do not look outside the facts of the complaint. Even when you disagree with the characterization of independent contractor versus employee, we look at what is alleged in the complaint. And in that case, they reject it.  The sort of those representing Mr. Capshaw don't care about who's paying for the defense, right? I mean, they draft their complaints to characterize the actions in a manner that will get the highest recovery, I assume. I think that's correct, Your Honor. If they targeted their complaint as a CGL policy, that would provide more damages, not a workers' comp policy. Dempster, with respect to whether or not that point of law is respected in Tennessee, it's not. We've also cited the Graves opinion. So it's Torpoco that says you look at the four. That's one of the most recent ones, but I think we've cited the Graves opinion, which is a reported case. It specifically rejects that position. The Evans decision, all post-Dempster, it actually specifically rejects the insurer's request to consider facts outside the complaint. We do not see those cases, as I recall, cited in the plaintiff's brief. I don't recall hearing those cases discussed this morning when Dempster was discussed. Those are post-Dempster, Tennessee Supreme Court in the case of Torpoco, Tennessee Court of Appeals in the case of Graves and Evans. Evans is dealing directly with the issue proposed by Dempster, in which completely reject the position taken by the plaintiffs with respect to the Dempster decision. And if you want to dig into the Dempster decision, I think it's on page 156 of the opinion. I think what the plaintiffs are latching onto is some dicta in that decision about whether or not the Court of Appeals likes the four corners rule. But then they recognize the general rule. Look at page 156. They say the general rule is the four corners rule, and then they recognize an exception where it's the ambiguous or incomplete issue. And in that case, that issue was before that court. And then they go on and they say specifically, we think this qualification to the general rule applies here. Did you? I'm sorry. What is your best argument to the point that this is not factual but legal? I'm sorry, that it's factual, not legal. It is illegal. They put it in there, and it's illegal, and that's subject to debate. I think there's three points to that. One, the first national bank in Bristol case dealt specifically with that issue. It was actually flipped in that situation. It was an allegation of an employee versus an independent contractor. They said no. It says employee. That's enough for us. Two, in the plaintiff's own complaint filed in this case, not the underlying complaint, Mr. Swofford's complaint, he alleges, Mr. Capshaw alleges he was an independent contractor. He never says, Mr. Capshaw makes an incomplete or vague or ambiguous or somehow untelling allegation of independent contractor. They say it right out. He alleges he was an independent contractor. They never allege that it's ambiguous, incomplete, vague, any respect. With respect to Mr. Capshaw's actual factual allegations, he puts in there, I was an independent contractor working using my own safety equipment, which is an intent. It seems very purposeful. He knows what he's doing. Can I ask a question? This is sort of what I pursued a little bit with Mr. Rader. Let's put aside what the import of the pleadings might be, and let's put aside for a minute the Tennessee case law. I just want to talk about this case from a factual . . . It is pretty easy if you were trying to . . . It's not always easy to determine the employee versus independent contractor issue, but it's pretty easy to develop a complete record. Some of the most determinative things would be things like pay records of an employer, or the person who's hired the independent contractor, those kinds of things. Was there any denial of an effort to make a complete record in this case on which thing this employee is? No, Your Honor. It was a summary judgment motion filed because, from our position, Tennessee law is very clear and consistent and directive that you look at the complaint. What if you weren't? Because you took that position, was there an inadequate opportunity for Swofford to develop the record? There's never a request under Rule 56 to extend the time frame to take additional discovery. And there was . . . I mean, there was at least . . . Was this Mr. Capshaw's deposition taken in this case or in connection with . . . The underlying case. So the underlying state case, the case between Mr. Capshaw and Mr. Swofford. They used that case, but there was no additional discovery done and no request to do additional discovery. That's correct, Your Honor. And no submissions to an affidavit of anything that would tend to bring more light to this issue. I think Mr. Rader pointed out there was the affidavit that Mr. Swofford crafted and submitted with his response. But other than that, nothing. And it was basically one of these labeling . . . He just . . . if you're asking my take on it, it was . . . Yeah, I am. He was trying to throw everything he could against the wall because I think he knew the impact of the four corners and what Mr. Capshaw was trying to do. They were trying to kick it from the CGL carrier, this is my estimation, from the CGL carrier to the comp carrier. And we've argued that in our brief. It's not a new point. Did that CGL carrier refuse to defend this case? It's our understanding, and I will admit I don't think it's in the record, but it's our understanding that we've argued it to bring that point up so that it's not just an insurance company telling from our viewpoint, telling their policyholder, we're not going to defend you. It's our understanding that this is another carrier's claim, which is actually being taken on. Now, I say that's my understanding, and that's why I want to preface it in that manner. But Dempster has been roundly rejected. Actually, even by the Middle District of Tennessee. I can't remember the judge there, but in the interstate packaging case, they took Dempster to task. They specifically rejected it. Even questioned whether or not it's even applicable law, even for that proposition in Tennessee, and specifically rejected the insurer's attempt to use facts outside of the complaint. Also, with respect to any issues with waiver or estoppel that wasn't pled in the complaint, I think we've roundly rejected that with respect to not only the facts, but also the language in the policy and the plaintiff's waiver of that issue by not including it in their complaint. In the end, I think Judge Collier's wisdom, his approach, his decision in this matter was correct. He's applied Tennessee case law on these issues for years, and we submit that his decision was correct, and we would request that it be affirmed. Thank you. Very quickly, as quick as I can, I'm going to address a couple of points that were brought up, and there were two points that I didn't get to address previously. Number one, with respect to your question, Judge Gibbons, of the gentleman here, we did in our reply to the summary judgment motion assert that these facts were all in dispute. We asserted that there needed to be discovery, that there needed to be depositions, that there needed to be evidentiary development. Did you file Rule 68? We didn't, ma'am, because we decided that the best way to proceed, in light of what we perceived the facts being in dispute, were to try to put in affidavits and the deposition testimony that we felt proved the dispute and ask the court to deny the summary judgment based on the disputed facts and proceed from there. Obviously, he didn't agree with us, or we wouldn't be here today. There is a Sixth Circuit case, Aetna v. Sunshine Corp. It's a 1996 case. To address your point, Judge Cook, about the legal conclusions versus the factual allegations, in that Sunshine Corp. case, it was a Fair Credit Reporting Act case. The person alleged in the underlying complaint that they willfully violated the law. The insurance company refused to provide a defense because it said these willful violations are not covered. This court, the Sixth Circuit, said— Is this in your brief? Yes, ma'am, it is, on page 28 and 29. This court said that you can't just look at this allegation willfully. You have to look behind it because if there's anything that could potentially be covered, even in spite of this legal conclusory allegation, then it still triggers the duty to defend, which is much, much broader than the duty to indemnify. If there's any potential at all, then the duty to defend is triggered, and, of course, that's what we're seeking here. The other couple of points that I wanted to make, there are two parts to this insurance policy. There's the work comp, but there's also an employer's liability policy, and what that policy actually says is that it covers any claim, because of bodily injury to your employee that arises out of employment, claimed against you in a capacity other than as employer. What does that mean, claimed against you in a capacity other than as employer? Well, that's exactly what Capshaw did. He claimed that he's entitled under negligence to recover from this person because he wants to characterize himself or classify himself as an independent contractor. This employer's liability policy is triggered by this. It's not just work comp. That's not the only issue. There's the employer's liability policy. In their response in their brief in footnote three, they said that the employer's liability coverage, part two of the insurance policy, provides absolutely no coverage in Tennessee whatsoever under any circumstances at all, period. That's incredible, and it's contrary to the law, because the law says in Tennessee and I think everywhere that you should never interpret an insurance policy to neutralize a provision entirely. Well, I imagine their position is it first has to actually be an employee. Well, but they say under footnote three that there's no set of facts in Tennessee that would ever trigger this coverage because the only recovery an employee can have is work comp. I'm out of time, Your Honor. Thank you very much. We appreciate the argument both of you have given, and we'll consider the case carefully. Thank you.